FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 03 2014 ★

BROOKLYN OFFICE

SLT:AHT
F. # 2014R01435/OCDETF #NY-NYE-721

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

YULING LUO,
        also known as "Linda,"

                Defendant.

- - - - - - - - - - - - - - - - -X

**I N D I C T M E N T**

Cr. No. **CR 14 - 00474**

(T. 18, U.S.C., §§ 982, 1956(h), and 3551 et seq.)

BLOCK, J.

ORENSTEIN, M.J.

THE GRAND JURY CHARGES:

CONSPIRACY TO LAUNDER MONEY

    1.    On or about and between January 1, 2010 and August 29, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant YULING LUO, also known as "Linda," together with others, did knowingly and intentionally conspire to: (i) conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, contrary to Title 21, United States Code, Sections 841(a)(1), 846, 848, 952(a), 960(a)(1) and 963, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and

in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); (ii) transport, transmit and transfer monetary instruments and funds from a place in the United States to and through one or more places outside the United States, to wit: Hong Kong and China, (a) with the intent to promote the carrying on of specified unlawful activity, to wit: narcotics trafficking, contrary to Title 18, United States Code, Section 1956(a)(2)(A), and (b) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and that such transportation, transmission and transfer were designed in whole and in part to avoid one or more transaction reporting requirements under Federal law, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(ii); and (iii) conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions involved property represented to be the proceeds of specified unlawful activity and property used to conduct and facilitate specified unlawful activity, to wit: narcotics trafficking, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(3)(A), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(3)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

2

## CRIMINAL FORFEITURE ALLEGATION

2.　　The United States hereby gives notice to the defendant charged in this Indictment that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in such offense, and all property traceable to such property, including but not limited to, at least approximately a sum of money equal to $1 billion in United States currency.

3.　　If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

　　　　　　　　(a)　　cannot be located upon the exercise of due diligence;

　　　　　　　　(b)　　has been transferred or sold to, or deposited with, a third party;

　　　　　　　　(c)　　has been placed beyond the jurisdiction of the court;

　　　　　　　　(d)　　has been substantially diminished in value; or

　　　　　　　　(e)　　has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

4

F. # 2014R01435/OCDETF #NY-NYE-721

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

YULING LUO,
also known as "Linda,"

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 982, 1956(h) and 3551 et seq.)

*A true bill.*

_____
Foreman

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

Amir H. Toossi, Assistant United States Attorney, (718) 254-6176